UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 11-44-GWU


HAROLD SMITH,                                                    PLAINTIFF,


VS.                              **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.


## INTRODUCTION

Harold Smith brought this action to obtain judicial review of the unfavorable

portion of a partially favorable administrative decision, awarding him a closed period

of application for Disability Insurance Benefits (DIB) but denying DIB after August

13, 2009. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

> 1.    Is the claimant currently engaged in substantial gainful activity?
>       If so, the claimant is not disabled and the claim is denied.
>
> 2.    If the claimant is not currently engaged in substantial gainful
>       activity, does he have any "severe" impairment or combination
>       of impairments--i.e., any impairments significantly limiting his
>       physical or mental ability to do basic work activities? If not, a
>       finding of non-disability is made and the claim is denied.
>
> 3.    The third step requires the Commissioner to determine
>       whether the claimant's severe impairment(s) or combination of

impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.      At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.      If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  <u>Gooch v. Secretary of Health and Human Services</u>, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, <u>Hale v. Secretary of Health and Human Services</u>, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  <u>Id.</u> at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. <u>E.g.</u>, <u>Faucher</u>

v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional

impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Id. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Smith, a 44-year-old former produce manager, route driver, washer, construction worker and mine superintendent with a "limited" education, suffered from impairments related to degenerative conditions of the lumbar spine (being status post lumbar fusion). (Tr. 88, 90). The ALJ determined that from December 28, 2007 through August 13, 2009, the plaintiff was totally disabled. (Tr. 90). Beginning August 14, 2009, the claimant was found to have experienced medical improvement relating to the ability to work and was then capable of performing a restricted range of light level work. (Tr. 91-92). Since the available work was found to constitute a significant number of jobs in the national economy, Smith could no longer be considered totally

disabled. (Tr. 93). The ALJ based this portion of the decision on the testimony of a vocational expert. (Id.).

After review of the evidence presented, the undersigned concludes that the unfavorable portion of the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Katherine Bradford included an exertional limitation to light level work restricted from a full range by a need for a sit/stand option in 30-minute intervals and an inability to more than occasionally bend, stoop or crouch. (Tr. 41). In response, Bradford identified a significant number of jobs which could still be performed. (Tr. 41-42). Therefore, assuming that the vocational factors considered by the expert fairly characterized Smith's condition after August 14, 2009, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly depicted Smith's condition after August 14, 2009. Dr. Magdy El-Kalliny, the plaintiff's treating neurosurgeon, opined on August 19, 2009 that the patient had reached maximum medical improvement.[1] (Tr. 790). Dr. El-Kalliny had performed a left L5-S1 transforaminal lumbar interbody fusion in

---

[1]The ALJ indicated that Dr. El-Kalliny's opinion was issued on August 14th rather than on August 19th. (Tr. 89). The plaintiff has not argued that this discrepancy would be more than harmless error.

December of 2008.  (Id.).  The physician reviewed a recent MRI scan of the lumbar spine which showed proper fusion at L5-S1 with no adjacent disc disease with the other lumbar levels being normal.  (Id.).  The doctor found proper placement of the cage, screws and rods.  (Id.).  Dr. El-Kalliny also reviewed the claimant's March, 2009 CT scan of the lumbar spine.  (Id.).  Physical examination by the physician revealed a normal gait.  (Id.).  Strength and sensation were intact in the lower extremities bilaterally.  (Id.).  Range of motion was noted to be reduced in the lumbar spine.  (Id.).  The doctor opined that Smith would now be able to work with restrictions including a limitation to light level work, a sit/stand option in 30-minute intervals and an inability to perform repetitive bending and twisting.  (Id.).  The hypothetical question was essentially consistent with this opinion.  As a treating physician who was also a neurosurgical specialist, the doctor's opinion was entitled to superior weight.  20 C.F.R. § 404.1527(d)(2) and (5).  Thus, the August, 2009 opinion of Dr. EL-Kalliny strongly supports the administrative decision.

Smith argues that the ALJ erred in rejecting the opinion of Dr. Talmadge Hays, another treating source.  Dr. Hays treated the plaintiff periodically and performed left inguinal hernia repair in January of 2008.  (Tr. 260).  In May of 2009, the doctor noted an impression of failed back syndrome.  (Tr. 782).  The physician opined that the claimant was totally disabled.[2]  (Id.).  Dr. Hays also completed a

_____

[2]This disability opinion would be an issue reserved to the Commissioner and not binding on the ALJ under the administrative regulations.  20 C.F.R. § 404.1527(e)(1).

residual functional capacity assessment noting that Smith would be unable:  (1)  to work more than one hour a day;  (2) stand for more than one hour a day; (3) sit for more than one hour a day; (4) lift more than five pounds; (5) bend, squat or reach above shoulder level more than occasionally; (6) would never be able to climb or crawl; (7) would need to avoid all exposure to unprotected heights and moving machinery; and (8) would have "moderate" limitation in driving automobile equipment, being exposed to temperature extremes and being exposed to dust, fumes or gases.  (Tr. 781).  These are far more severe restrictions than those found by the ALJ.

As noted by the defendant, Dr. Hays issued his opinion in May of 2009, during the closed period of disability found by the ALJ.  The ALJ even cited the opinion of Dr. Hays in support of his determination that a closed period of disability was required by the evidence of record.  (Tr. 90).  The ALJ only rejected Dr. Hays's May, 2009 opinion to the extent that it could be construed as inconsistent with that of Dr. El-Kalliny issued in August of 2009.  (Tr. 92).  The ALJ noted that this determination was made because Dr. El-Kalliny was the plaintiff's treating neurosurgical specialist. (Id.).  Thus, his opinion was more persuasive.  Since both doctors  were treating sources, the ALJ could reasonably rely upon Dr. El-Kalliny over Dr. Hays.  Therefore, the court finds no error.

Smith asserts that ALJ erred by failing to consider the combined effects of all his impairments.  As noted by the defendant, the plaintiff does not specify how

the ALJ erred on this point.  The court has already determined that the hypothetical question fairly depicted the claimant's condition.  Thus, the ALJ implicitly considered all of Smith's impairments in proper combination.

Smith also argues that his medical problems would prevent him from maintaining employment and, so, he could not meet the duration requirements for substantial gainful activity.  The plaintiff cites the Ninth Circuit Court of Appeals case of <u>Gatliff v. Commissioner of Social Security</u>, 172 F.3d 690 (9th Cir. 1999).  However, in <u>Gatliff</u>, the record contained considerable evidence that the claimant would not be able to maintain employment more than a couple of months and the ALJ had even acknowledged this fact.  <u>Gatliff</u>, 172 F.3d at 692.  In the present action, Smith has not identified similar evidence suggesting that he would not be able to maintain employment after August 14, 2009.  Therefore, the court must reject the plaintiff's argument.

The court notes that Smith submitted additional medical records directly to the Appeal Council which were never seen by the ALJ.  (Tr. 794-795).  This action raises an issue concerning a remand for the taking of new evidence before the Commissioner.  <u>Cotton v. Sullivan</u>, 2 F.3d 692 (6th Cir. 1993).  A court may order additional evidence be taken before the Commissioner, " . . . but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."  42 U.S.C. § 405(g).  The statute provides that a claimant must

prove that the additional evidence is both "material" and that "good cause" existed for its not having been submitted at an earlier proceeding.  <u>Sizemore v. Secretary of Health and Human Services</u>, 865 F.2d 709, 710 (6th Cir. 1988).  In the present action, the plaintiff has failed to adduce arguments as to why a remand of the action for the taking of new evidence would be required.

After review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 10th day of November, 2011.

**Signed By:**

<u>**G. Wix Unthank**</u>

**United States Senior Judge**